UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alan Drobnak, Keith Markowitz, and Dennis Cirks on behalf of themselves and all others similarly situated, | Civil No. 07-2249 (PAM/JSM) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| Andersen Corporation and Andersen Windows, Inc., | |
| Defendants. | |

This matter is before the Court on Defendants Andersen Corporation and Andersen Windows, Inc.'s (collectively "Andersen") Motion to Dismiss the Amended Complaint. For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

This putative class action involves a line of Andersen Windows manufactured to contain an argon gas blend between the panes that increases insulating capabilities. According to Plaintiffs, the windows either leaked or never contained the requisite amounts of gas. Plaintiffs allege that gas escaped through "capillary tubes" that Andersen installed in some units to alleviate atmospheric pressure resulting from installation at or transport across high altitudes and cold climates. Plaintiffs also allege that some window seals are defective. In an Amended Complaint containing nine causes of action sounding in Minnesota law, Plaintiffs allege that Andersen, a Minnesota corporation, has acted fraudulently, breached warranty agreements, and been unjustly enriched.

Andersen does not dispute that some windows contain capillary tubes and therefore no argon gas. However, Andersen asserts that it discloses this fact in product guides that Plaintiffs reference in their Amended Complaint. Andersen moves for dismissal on the pleadings because Plaintiffs have not pled their fraud-based counts with the requisite particularity and have failed to state any claim for which relief can be granted.

The action began on May 9, 2007, when Plaintiff Alan Drobnak of Denver, Colorado filed a Complaint on behalf of himself and others similarly situated. Drobnak alleged that he had purchased Andersen gas-filled products in 1997 and 1998, and that Andersen was liable for fraud and for breach of warranty agreements because it sold windows in Colorado and twelve other states at or west of the Continental Divide that permit gas to escape through capillary tubes. Drobnak pled that he mailed notice of breach of warranty to the Andersen Service Center in Bayport, Minnesota, in March 2007.

In lieu of answering the Complaint, Andersen filed a Motion to Dismiss. Instead of responding to the Motion, Drobnak filed an Amended Complaint on September 21, 2007, without seeking leave of court or Andersen's consent. The Amended Complaint added Plaintiff Dennis Cirks of Crookston, Minnesota, who alleged that his home "contains seventeen (17) inert-gas-filled windows manufactured by Andersen and purchased in 1992 and 1993." (Am. Compl. ¶ 9.) The Amended Complaint also added Plaintiff Keith Markowitz of New Britain Township, Pennsylvania, who alleged that in 2005 he purchased a home that contains Andersen inert-gas-filled windows. (Id. ¶ 10.)

Plaintiffs again alleged that Andersen installed capillary tubes in windows installed

at or transported across high altitudes, and also that Andersen fit breathing devices into windows "destined for installation in certain cold environs for the same reason." (Id. ¶ 5.) According to Plaintiffs, "Andersen sold many insulated gas units that it represented were 'filled' with inert gas when, in fact, the percentage of inert gas, versus air and other gases, sealed in those units at the time of manufacture was below 90%." (Id. ¶ 3.) The Amended Complaint further alleged that "Andersen sold many inert-gas-filled products that had defective seals that caused permeation, or 'leakage,' of the inert gas from between the glass panes." (Id. ¶ 4.)

Each Plaintiff alleged that he "is informed and believes, and thereon alleges, that his Andersen windows were not filled with inert gas at the time of purchase and/or experienced gas leakage." (Id. ¶¶ 8-10.) Plaintiffs did not specify who informed them of the alleged deficiency. Nor did Cirks or Markowitz allege that they had notified Andersen of a warranty breach. Rather, Plaintiffs collectively alleged that Andersen was on notice of breaches because Drobnak and a plaintiff in a similar California state-court action had mailed notices. (Id. ¶ 92.) According to the Amended Complaint, "[f]urther notice by additional Plaintiffs and Class members would be futile." (Id.)

The nine-count Amended Complaint alleged violations of Minnesota law for breach of express warranty, breach of contract, violation of Minnesota consumer-protection statutes, and unjust enrichment. Jurisdiction was premised solely on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which requires minimal diversity of citizenship and an aggregate amount in controversy exceeding $5 million. Plaintiffs did not specify how the

3

$5 million threshold was met, but did allege that Andersen has sold gas-filled windows since the early to mid 1980s and that a prominent national retailer charges at least $20 more for the windows than for non-gas-filled counterparts. (Am. Compl. ¶ 25, 31.) Plaintiffs sought damages and injunctive relief "on behalf of all persons in the United States, except California, who own homes or other residential or commercial structures containing [Andersen] inert-gas-filled glass products." (Id. ¶ 1.)

On September 26, 2007, Andersen filed a written Withdrawal of Motion to Dismiss (Docket No. 30) stating that Plaintiffs had filed an Amended Complaint and "[f]or that reason" Andersen was withdrawing its Motion and reserving its right to file a subsequent Motion. Andersen filed such a Motion, the one now before the Court, on October 5, 2007. In its Memorandum, Andersen again asserted that statutes of limitations barred all claims, that fraud-based claims had to be dismissed because Plaintiffs did not offer particularity as to damages, and that warranty-based claims had to be dismissed because not all Plaintiffs gave Andersen notice of alleged breaches.

Andersen challenged neither the Plaintiffs' ability to file the Amended Complaint without leave of court or Andersen's written consent, nor the Court's original jurisdiction under CAFA. The Court ordered supplemental letter briefing on both of those issues.

## DISCUSSION

### A.   Filing of Amended Complaint

In their letter briefs, Plaintiffs and Andersen agree that the first Motion to Dismiss was not a responsive pleading and therefore that the Amended Complaint was properly filed with neither leave of court nor Andersen's consent. See Fed. R. Civ. P. 15(a). They cite this Court's prior decision in In re Navarre Corporation Securities Litigation, No. 05-1511, 2006 WL 1795141, at *4 (D. Minn. June 28, 2006) (Magnuson, J.), which in turn cited the Eighth Circuit Court of Appeals's decision in Winfrey v. Brewer, 570 F.2d 761, 764 n.4 (8th Cir. 1978) ("[a] motion to dismiss is not a responsive pleading" for Rule 15(a) purposes).

However, in In re Navarre, the Court granted the plaintiffs' request to replead after the Court ordered dismissal. In Winfrey, the Eighth Circuit determined that the district court properly treated Iowa pro se prisoner plaintiffs' additional documents as amendments to their complaint. Here, by contrast, Plaintiffs made no request to replead, they are represented by counsel, and District of Minnesota Local Rules require amendment by motion. See D. Minn. L.R. 15.1.

The determinative factor here is Andersen's written Withdrawal of Motion to Dismiss, wherein Andersen stated that Plaintiffs had filed an Amended Complaint and "[f]or that reason" Andersen was withdrawing the Motion. This operates as the "written consent" that Federal Rule of Civil Procedure 15(a) requires. Because leave to amend is freely granted, the Court concludes that the Amended Complaint is properly before the Court.

### B.   Subject Matter Jurisdiction

Because the Amended Complaint contains only Minnesota-based causes of action, the Court is required to determine sua sponte whether it has original jurisdiction pursuant to CAFA.  See Frederico v. Home Depot, 507 F.3d 188, 197-99 (3d Cir. 2007) (raising 28 U.S.C. § 1332(d)(2) amount-in-controversy issue sua sponte and ordering letter briefs); Hirschbach v. NVE Bank, 496 F. Supp. 2d 451, 460 (D.N.J. 2007) (stating that in enacting CAFA, Congress contemplated that district court may have to engage in fact-finding to make jurisdictional determinations).  If there is no jurisdiction, the case must be dismissed. Fed. R. Civ. P. 12(b)(1), (h)(3).

CAFA states in relevant part:

The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; . . .

28 U.S.C. § 1332(d)(2).  Here, because two named Plaintiffs have citizenship outside Minnesota and Andersen is a Minnesota corporation, Plaintiffs have satisfied the minimal diversity requirement.  The issue is whether Plaintiffs have sufficiently established that at least $5 million is in controversy.  Plaintiffs point to Paragraphs 19 and 31 of the Amended Complaint, which allege that a prominent national charges at least $20 more for gas-filled Andersen windows than for non-gas-filled windows and that Andersen "annually manufacturers more than six million wood windows and doors."  (See Pls.' Letter Br. (Docket No. 49) at 2.)  However, this does not specify how many gas-filled windows

6

Andersen manufactures, let alone how many are allegedly defective.

Andersen estimates that Plaintiffs would satisfy the $5 million amount-in-controversy requirement if Andersen manufactured 41,667 argon gas-blend filled insulating glass units in each of the past six years. (Def.'s Letter Br. (Docket No. 48) at 2.) Andersen "concedes" that it manufactured "significantly more" than that. (Id.) The Court finds this representation sufficient for purposes of exercising CAFA jurisdiction over this Motion.

**C.      Merits**

The Amended Complaint's nine causes of action fall into three groups. The first group arises under Minnesota's version of the Uniform Commercial Code ("UCC"): breach of an express warranty of future performance, Minn. Stat. § 336.1-101 et seq. (Count I); breach of contract under the UCC, Minn. Stat. § 336.1-101 et seq. (Count II); breach of consumer warranty, Minn. Stat. § 325G.19, subd. 2 (Count III); and breach of implied warranty of merchantability and future performance, Minn. Stat. § 336.2-314 (Count IV).

The second group contains fraud-based allegations. These include a common-law fraud-by-omission claim (Count VIII) as well as alleged violation of Minnesota consumer-protection statutes: the Prevention of Consumer Fraud Act, Minn. Stat. § 325F.69, subd. 1 (Count V), the Deceptive Trade Practices Act, Minn. Stat. §325D.44 (Count VI); and the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D. 13 (Count VII).

Finally, the Amended Complaint pleads an equitable cause of action for unjust enrichment/restitution/disgorgement (Count IX).

**1.      Fraud-Based Allegations**

      a.     Statutes of Limitations

Andersen contends that Plaintiffs' fraud-based counts must be dismissed because applicable statutes of limitations bar relief. See Jones v. Bock, 127 S. Ct. 910, 920-21 (2007) (complaint may be dismissed for failure to state a claim if the allegations "show that relief is barred by the applicable statute of limitations"); Fed. R. Civ. P. 12(b)(6). The statute of limitations for fraud-based claims, including consumer protection claims based on Minnesota statutes, is six years. Minn. Stat. § 541.05, subds. 1(2) and 6. The period begins to run "when a plaintiff knew or should have known of the fraud." Barry v. Barry, 78 F.3d 375, 379-80 (8th Cir. 1996) (applying Minnesota law). This is a question of fact. Id. at 380. Accordingly, dismissal on statute of limitations grounds is not warranted at this stage.

      b.     Rule 9(b)

The crux of Andersen's Motion as it relates to the fraud-based claims is premised on Federal Rule of Civil Procedure 9(b), which states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under Rule 9(b), "the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as result." United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006). Dismissal is required where "Plaintiff has made nothing more than sweeping conclusory allegations of fraudulent conduct." Tuttle v. Lorillard Tobacco Co., 118 F. Supp. 2d 954, 963 (D. Minn. 2000) (Magnuson, J.), aff'd 377 F.3d 917 (8th Cir. 2004). Rule 9(b) governs Plaintiffs' common

law fraud-by-omission claim (Count VIII). See, e.g., Remmes v. Int'l Flavors & Fragrances, Inc., 453 F. Supp. 2d 1058, 1077 (N.D. Iowa 2006). Rule 9(b) also governs Plaintiffs' claims based on alleged violations of the Minnesota consumer-protection statutes (Counts V through VII). Tuttle, 118 F. Supp. 2d at 963 ("Rule 9(b) applies where . . . the gravamen of the complaint is fraud").[1]

Andersen contends that a fatal flaw in Plaintiffs' case is that they have failed to plead allegations about defects with particularity. According to Andersen, the allegation that Plaintiffs have been "informed and believe[]" that windows lack or never had requisite amounts of gas fails to satisfy Rule 9(b). Andersen deems Plaintiffs' explanation in their Memorandum that damages are based on counsel's "investigation" as insufficient for Rule 9(b) purposes. Plaintiffs agree that at some point they must specify who has found the windows to be deficient, but assert that they need not disclose such "evidence" at this stage and that "[t]he nature and robustness of Plaintiffs' allegations will be fully explored in discovery." (Pls.' Opp'n Mem. at 23.)

Yet Plaintiffs failed to explain why the action is exempt from rules governing fraud

---

[1] Plaintiffs contend that the decision in Group Health Plan, Inc. v. Philip Morris, Inc., 621 N.W.2d 2 (Minn. 2001), has invalidated Tuttle and that all fraud-based claims are entitled to a "relaxed" Rule 9(b) standard. Plaintiffs read Group Health Plan too broadly. As this Court has observed, "[i]n Group Health, . . . the Minnesota Supreme Court relaxed the causation requirements for claims under the [Prevention of Consumer Fraud Act]." In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Practices Litig., No. 99-MD-1309, 2004 WL 909741 (D. Minn. Apr. 28, 2004) (emphasis added); see also Group Health Plan, Inc., 621 N.W.2d at 14. Group Health Plan states no broad intent that Rule 9(b) no longer applies to causes of action arising under consumer-protection statutes or common-law fraud.

allegations made on information and belief. Plaintiffs who make such allegations must give the "source of the information and the reasons for the belief." Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550 (8th Cir. 1997). The requirement "deters the use of complaints as a pretext for fishing expeditions of unknown wrongs designed to compel in terrorem settlements" and "ensures that a defendant is given sufficient notice of the allegations against him to permit the preparation of an effective defense." Id. at 549 (citation omitted). "This rule was developed as a corollary to the rule that allegations of fraud regarding matters peculiarly within the opposing party's knowledge could be based on information and belief, so long as accompanied by a statement of facts on which the belief was founded." Fla. State Bd. of Admin. v. Green Tree Fin. Corp., 270 F.3d 645, 668 (8th Cir. 2001).

Against this authority, Counts V through VIII of Plaintiffs' Amended Complaint fail to satisfy Rule 9(b) for at least four reasons. First, there is no allegation that anyone has actually tested the windows. Plaintiffs' explanation that discovery will flesh out the "nature and robustness" of the allegations is without merit where the Eighth Circuit Court of Appeals has specifically stated that Rule 9(b) is designed to guard against using civil actions to uncover "unknown wrongs." See Parnes, 122 F.3d at 549.

Second, by offering no hint as to the "source of the information"—who determined that gas levels were "below 90%," when, and how—the Amended Complaint provides Andersen with no ability to begin preparing an effective defense against counsel's "investigation." See Parnes, 122 F.3d at 549; see also Kranz v. Koenig, 484 F. Supp. 2d 997, 1002 (D. Minn. 2007) (Magnuson, J.) ("one of the main purposes of Rule 9(b) is to facilitate

10

a defendant's ability to respond and to prepare a defense").

Third, Plaintiffs do not allege that information as to whether the windows actually lack gas is "peculiarly within the opposing party's knowledge" such that this allegation may be pled on information and belief. Fla. State Bd. of Admin., 270 F.3d at 668. Finally, Plaintiffs have submitted no "statement of facts on which the belief was founded." Id.; see also Iowa Health Sys. v. Trinity Health Corp., 177 F. Supp. 2d 897, 917 (N.D. Iowa 2001) (finding Rule 9(b) unsatisfied where plaintiff failed to provide statement of facts).

Plaintiffs' position is that the Amended Complaint as it stands satisfies Rule 9(b). The Court disagrees. Plaintiffs have made neither a motion nor a request to plead additional particularly regarding counsel's "investigation." Accordingly, under these circumstances, the Court dismisses Counts V through VIII with prejudice.

### 2. **UCC-Based Allegations**

#### a. Notice Requirement

Plaintiffs' warranty-related counts arise solely under Minnesota's UCC, and Plaintiffs agree that the UCC imposes a "notice requirement" for these causes of action. (Pls.' Opp'n Mem. at 35 (citing Minn. Stat. § 336.2-607(3)(a) (requiring person claiming breach of any warranty agreement to give notice within "reasonable time after the buyer discovers or should have discovered any breach").) In opposing the Motion to Dismiss, Plaintiffs' argument is not that there is a genuine issue of material fact as to whether Andersen was on notice as to the claims of all Plaintiffs. Rather, Plaintiffs' position is that they satisfied the notice requirement as to all Plaintiffs because Drobnak and a plaintiff in a similar California

state-court case gave notice, and further notice would have been "futile."

Plaintiffs cite Church of the Nativity of Our Lord v. WatPro, Inc., 491 N.W.2d 1 (Minn. 1992), overruled on other grounds by Ly v. Nystrom, 615 N.W.2d 302, 314 n.25 (Minn. 2000). In that case, the notice requirement was satisfied where a "remote manufacturer" had received actual notice of alleged defects because similar defects had developed at 350 sites across North America. Id. at 5. However, even under WatPro, a claim ultimately fails where plaintiffs "did not provide specific notice of their complaints to anyone." See Christian v. Sony Corp. of Am., 152 F. Supp. 2d 1184, 1188 n.2 (D. Minn. 2001) (Frank, J.).

Under these circumstances, attempts by Markowitz and Cirks to bootstrap their notice requirements onto notices given by other persons not clearly similarly situated (i.e., persons living at or west of the Continental Divide) fail as a matter of law. The notice requirement's purpose is to encourage parties to remedy deficiencies not by ligation, but through "normal settlement through negotiation." Minn. Stat. § 336.2-607, cmt. 4. By failing to give Andersen notice of the alleged breaches of warranty, neither Markowitz nor Cirks has afforded Andersen opportunity to settle their specific disputes, and their conclusions that providing notices would have been "futile" (see Am. Compl. ¶ 92) are wholly speculative.

Markowitz and Cirks have failed to state a claim for any warranty-based cause of action, and Counts I through IV as they apply to these two Plaintiffs must be dismissed. See Yarrington v. Solvay Pharm., Inc., 2006 WL 2729463, at *5 (Minn. Ct. App. Sept. 26, 2006) (affirming district court's Rule 12 dismissal of express and implied warranty claims for

12

failure to give notice). Again, because Plaintiffs' position is that the Amended Complaint as it exists is sufficient for notice purposes, these claims are dismissed with prejudice.

b.     Statutes of Limitations

Because only Drobnak gave notice, only Drobnak has cognizable claims for breach of warranty. These claims, however, are subject to the statute of limitations. "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." Minn. Stat. § 336.2-725(1). The cause of action accrues when the breach occurs, "regardless of the aggrieved party's lack of knowledge of the breach." Minn. Stat. § 336.2-725(2). Breach of warranty occurs when tender of delivery is made. Id. However, "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Id. An otherwise untimely claim might survive if there was fraudulent concealment. Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 223 F.3d 873, 876 (8th Cir. 2000).

Drobnak alleges that he purchased windows in 1997 and 1998. Accordingly, his causes of action for breach of contract, breach of consumer warranty, and breach of implied warranty are time-barred unless he has sufficiently pled fraudulent concealment. In Minnesota, fraudulent concealment generally requires an allegation of an "affirmative act or statement" in furtherance of the alleged concealment. Haberle v. Buchwald, 480 N.W.2d 351, 357 (Minn. Ct. App. 1992). Drobnak makes no such allegation. Rather, he cites Marvin Lumber & Cedar Company to assert that "[m]isleading partial disclosures also constitute acts

13

of fraudulent concealment" under Minnesota law.  (Pls.' Opp'n Mem. at 31.)

As that case demonstrates, though, there is no fraudulent concealment when the plaintiff "still had access to the facts" allegedly concealed.  Marvin Lumber & Cedar Co., 223 F.3d at 878.  Here, again, the Amended Complaint does not allege that Drobnak lacked access to facts regarding whether his windows contained requisite amounts of inert gas.  Accordingly, Drobnak has failed to state claims for breach of contract, breach of consumer warranty, and breach of implied warranty because those claims are time-barred.  Because repleading would not change this outcome based on dismissal on statute of limitations grounds, Counts II through IV as they apply to Drobnak must be dismissed with prejudice.

        c.      Remaining Claim for Breach of Express Warranty

The lone claim remaining is Drobnak's for alleged breach of an express warranty.  An express warranty arises when a seller makes "[a]ny affirmation of fact or promise . . . which relates to the goods and becomes part of the basis of the bargain" or "[a]ny description of the goods which is made part of the basis of the bargain."  Minn. Stat. § 336.2-313(a)-(b).  "Whether a given representation constitutes a warranty is ordinarily a question of fact for the jury."  Crothers v. Cohen, 384 N.W.2d 562, 563 (Minn. Ct. App. 1986).

Andersen asserts that the Court should dismiss this claim on the pleadings because Drobnak failed to plead that he relied on any express warranty.  Andersen cites Hendricks v. Callahan, 972 F.2d 190, 194 (8th Cir. 1992), where the Eighth Circuit concluded that Minnesota requires reliance for a common-law express-warranty claim. However, legislative history indicates that the Minnesota Legislature removed a reliance requirement when

enacting the UCC in 1966. Id. at 193 & n.12. Further, the current Comment to § 336.2-313 instructs that "no particular reliance on such statements need be shown." Accordingly, Drobnak's express warranty claim cannot be dismissed for any failure to plead reliance.

Andersen variously argues that Rule 12 dismissal is required because Drobnak failed to specify which written warranty applies, Andersen may limit its warranty and exclude other warranties, Drobnak failed to specify any representation made to him at time of purchase, and product guides contradict Drobnak's allegations. However, these are issues of fact. See Crothers, 384 N.W.2d at 563.

Taking Drobnak's allegations in the light most favorable to him, he has sufficiently alleged that Andersen failed to follow through on its express agreement to warrant his windows. His allegations are "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Accordingly, Drobnak has stated a claim for breach of an express warranty.

However, the Amended Complaint pleads $280.00 in harm—$20.00 for each of fourteen windows. Because there is no federal question, this amount in controversy provides no basis for the Court to retain diversity jurisdiction. See 28 U.S.C. § 1332(a) ($75,000 amount-in-controversy requirement for individual plaintiff); § 1332(d) ($5 million requirement as aggregated for plaintiffs similarly situated, i.e. persons who have provided Andersen with notice of breach of warranty). Accordingly, Count I as it relates to Drobnak must be dismissed. Fed. R. Civ. P. 12(h)(3). However, dismissal will be without prejudice to afford Drobnak an opportunity to seek redress in a tribunal that might have jurisdiction.

### 3. Equitable Cause of Action

Plaintiffs' requested equitable remedies (Count IX) are unavailable "where there is an adequate remedy at law available." ServiceMaster of St. Cloud v. GAB Bus. Services, Inc., 544 N.W.2d 302, 305 (Minn. 1996). The issue is a legal question. Id. Here, Plaintiffs sought statutory and common law relief but failed to adhere to notice and heightened-pleading requirements. These failures preclude equitable relief. See id. at 306 (barring equitable relief for failure to adhere to statutory and constitutional requirements for mechanic's lien). Accordingly, Count IX must be dismissed with prejudice.

## CONCLUSION

All fraud-based claims must be dismissed with prejudice because Plaintiffs failed to plead their basis for damages with requisite particularity. All UCC claims must be dismissed with prejudice as they relate to Plaintiffs Cirks and Markowitz because the Amended Complaint states that these Plaintiffs failed to notify Andersen as to breaches. Plaintiff Drobnak's UCC claims for breach of contract, breach of consumer warranty, and breach of implied warranty of merchantability and future performance must be dismissed with prejudice because the Amended Complaint does not sufficiently plead fraudulent concealment. Plaintiff Drobnak's UCC claim for breach of express warranty must be dismissed without prejudice because the Court lacks subject-matter jurisdiction over the claim. Equitable claims fail as a matter of law. Accordingly, **IT IS HEREBY ORDERED** that:

1. Andersen's Motion to Dismiss (Docket No. 31) is **GRANTED**;

    2.    Count I as it relates to Plaintiffs Cirks and Markowitz and Counts II through IX as they relate to all Plaintiffs are **DISMISSED** with prejudice; and

    3.    Count I as it relates to Plaintiff Drobnak is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 8, 2008

                              s/ Paul A. Magnuson
                              Paul A. Magnuson
                              United States District Court Judge